UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Nguyet Nguyen, Antony Nguyen, and Qui Thai, | Case No. 2:21-cv-00301-JAD-DJA |
| Plaintiffs, | **ORDER** |
| v. | |
| Charles Margines, et al., | |
| Defendants. | |

This is an action arising out of Plaintiffs' bizarre and disjointed allegations of sham marriages, money laundering, undercover illegal immigration operations, spying, perjury, obstruction of justice, assault, harassment, and vandalism, amongst other claims. Plaintiffs move to amend their complaint, seemingly to add new retaliation claims against the Honorable James L. Crandall—a judge for the Superior Court of California—and the "Clerks of Orange County Court." Plaintiffs also move to seal certain medical records attached to their motions. Because the Court finds Plaintiffs' proposed amendment futile, it denies their motion to amend. Because Defendants have failed to respond to Plaintiffs' motion to seal, it grants the motion. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.      Background.**

Plaintiffs' move to amend their complaint (ECF No. 30), claiming that they were "retaliated by Defendant James Crandall, Orange County Court' [sic] clerks and their staffs [sic] on his rulings and comments from 01/2021 until now." Defendants point out in response (ECF No. 37) that Plaintiffs are seeking to add claims against Judge Crandall for his rulings on Plaintiff Anthony Nguyen's actions in California Superior Court. Defendants argue that Plaintiffs' amendment is futile because: (1) Judge Crandall and his staff are entitled to judicial and quasi-judicial immunity; (2) two of Anthony Nguyen's cases are currently ongoing in California

Superior Court, and thus any ruling by this Court would violate the *Rooker-Feldman* doctrine and the *Younger* abstention doctrine; and (3) the Court lacks personal jurisdiction over the Defendants. Plaintiffs did not file a reply.

Plaintiffs also move to seal (ECF No. 33) certain pages of their "notice of new facts and pending investigations" (ECF No. 29), and pages 6-9 of their "motion to extend time" (ECF No. 32). Plaintiffs claim that these pages include "military medical informations [sic]." Defendants did not file a response.

**II.     Discussion.**

   ***A.     The Court denies Plaintiffs' motion to amend as futile.***

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Local Rules require a party to attach their proposed amended pleading to their motion for leave to amend. LR 15-1. However, the Court evaluates *pro se* pleadings liberally. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Courts can decline granting leave to amend if amendment would be futile. *See Sonoma Cnty. Ass'n of Ret. Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Claims for damages against judges and court clerks for actions performed in their official capacities or as part of the judicial process are futile. *See Giampa v. Duckworth*, No. 2:12-cv-01145-LRH-VCF, 2013 WL 1385649, at *2 (D. Nev. April 2, 2013). "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Giampa v. Duckworth*, No. 2:12-cv-01145-LRH-VCF, 2013 WL 1385649, at *2 (D. Nev. April 2, 2013) (citing *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986)). Court clerks "have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Id.* (quoting *Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987)).

Here, the Court denies Plaintiffs' motion for leave to amend as futile. Although Plaintiffs do not attach their proposed amended complaint, they summarize that they are looking to assert new facts about retaliation by the Honorable Judge James L. Crandall and "Clerks of Orange

County Court." The Court liberally construes *pro se* pleadings and interprets the content of Plaintiffs' motion to satisfy the requirements of the local rule such that it can evaluate whether amendment would be futile. Because Plaintiffs only summarize that their claims would involve Judge Crandall and the Orange County Court clerks for Judge Crandall's rulings, the Court only analyzes whether amendment is futile on judicial and quasi-judicial immunity grounds.

Plaintiffs proposed amendment would be futile because it seeks to assert claims against Judge Crandall and court clerks for "his rulings and comments," presumably on the multiple cases which Plaintiff Antony Nguyen has filed in California Superior Court. But Judge Crandall has absolute immunity for claims arising from his "rulings and comments" made in his official capacity. And the "Clerks of Orange County Court" have absolute quasi-judicial immunity for tasks performed as part of the judicial process. There is nothing to suggest that Plaintiffs are looking to add claims against these parties for actions taken outside of their official capacities. Their proposed amendment is denied as futile.

### B.  *The Court grants Plaintiffs' motion to seal.*

A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). A party seeking to seal judicial records bears the burden of meeting the "compelling reasons" standard, as articulated in *Kamakana*. *See Kamakana*, 447 F.3d at 1183. Under that standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety*, 809 F.3d at 1097. (quoting *Kamakana*, 447 F.3d at 1179). "The court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Ctr. for Auto Safety*, 809 F.3d at 1097. However, the failure of an opposing party to file points and authorities in response to any motion constitutes a consent to granting of the motion. LR 7-2(d).

Here, the Court grants Plaintiffs' motion to seal because Defendants have not responded to the motion and Plaintiffs look to seal medical records. Plaintiffs request to seal pages 12-14,

16, and 20-21 of their "notice of new facts and pending investigations" (ECF No. 29), and pages 6-9 of their "motion to extend time" (ECF No. 32), claiming that these pages include "military medical informations [sic]." While some of the documents Plaintiffs seek to seal are of questionable validity, some seem to be legitimate medical records, in which the public has little interest, but Plaintiffs have a strong interest. The Court thus grants the motion.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to amend (ECF No. 30) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to seal (ECF No. 33) is **granted**. The Clerk of Court is kindly directed to seal ECF Nos. 29 and 32.

DATED: September 1, 2021

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE