# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Nguyet Nguyen, et al.,<br><br>    Plaintiffs<br><br>v.<br><br>Charles Margines, et al.,<br><br>    Defendants | Case No.: 2:21-cv-00301-JAD-DJA<br><br>**Order Granting Motion to Dismiss, Denying Motions for Preliminary Injunction, and Closing Case**<br><br>[ECF Nos. 6, 7, 25] |

Pro se plaintiffs Antony Nguyen and his godparents Nguyet Nguyen and Quy Thai bring this civil-rights action challenging the outcomes of and pending proceedings in five California state-court cases, claiming that various judges and employees of the Superior Court of Orange County, California, violated their Fourteenth Amendment due-process rights and the Americans with Disabilities Act, willfully and criminally deprived them of rights, were negligent, and negligently inflicted emotional distress upon them.[1]  Plaintiffs move for a preliminary injunction to stay two state-court cases over which some judge-defendants are currently presiding.[2] Defendants—Judges Charles Margines and Frederick Horn, retired Judge James Crandall, research attorney James Loverder, and the Clerk of the Court—oppose the motions for preliminary injunction and separately move to dismiss under Federal Rules of Civil Procedure (FRCP) 12(b)(1), 12(b)(2), and 12(b)(6).[3]  I find that this court lacks personal jurisdiction over

---

[1] ECF No. 1.

[2] ECF No. 6; ECF No. 7.

[3] ECF No. 12; ECF No. 25.

1 all defendants, so I grant the motion to dismiss, dismiss the case without prejudice but without

2 leave to amend, and deny as moot the motions for preliminary injunction.

3 **Discussion**

4       Plaintiffs' mostly incomprehensible complaint contains innumerable salacious and

5 fantastical allegations involving attempted murder, expensive diamonds, Iranian terrorists, and

6 Vietnamese espionage.[4]  At its core, however, it appears that by suing California state-court

7 judges and court officials, plaintiffs seek damages for judgments entered against them in some

8 cases and to stay proceedings in others.[5]  It's thus unsurprising that plaintiff Antony Nguyen has

9 been deemed a vexatious litigant by the Orange County Superior Court, the United States

10 District Court for the Central District of California, and this court.[6]  Defendants move to dismiss

11 for want of subject-matter jurisdiction under the *Rooker-Feldman* doctrine, for want of personal

12 jurisdiction, and for failure to state a claim.  They also raise the defenses of judicial and quasi-

13 judicial immunity and urge *Younger* abstention.  Because I grant the motion to dismiss for lack

14 of personal jurisdiction, I don't reach their remaining arguments.[7]

15

16

17

18

---

19 [4] *See, e.g.*, ECF No. 1 at 4.

20 [5] *See id.* at 12–19.

21 [6] ECF No. 13 at 5; ECF No. 26 at 131; *Nguyen v. Islamic Republic of Iran*, 2021 WL 4173712, at *4–5 (D. Nev. Sept. 13, 2021).  I grant defendants' requests for judicial notice, ECF Nos. 13 and 26, because the documents contained therein are state-court dockets from related cases.  *Cf. U.S.*
22 *ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

23 [7] *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999) (holding that a federal court may address personal jurisdiction first when the subject-matter jurisdiction question is not as easily resolved).

**A.**      **Nothing supports this court's exercise of personal jurisdiction over any defendant.**

The Fourteenth Amendment limits a forum state's power "to bind a nonresident defendant to a judgment of its courts,"[8] and FRCP 12(b)(2) authorizes a court to dismiss a complaint for lack of personal jurisdiction.[9]  To determine its jurisdictional reach, a federal court must apply the law of the state in which it sits.[10]  Because Nevada's long-arm statute reaches the constitutional zenith,[11] the question here is whether jurisdiction "comports with the limits imposed by federal due process."[12]  A court may only exercise jurisdiction over a nonresident defendant with sufficient "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[13]

Plaintiffs have pled no facts in their complaint, and offered nothing in their opposition brief to the motion to dismiss or supplemental brief, that would establish this court's personal jurisdiction—general or specific—over defendants, all of whom are California residents.[14]  They do not allege that the injuries they sustained occurred in Nevada, that defendants were served with process in Nevada, or that this case or defendants have anything at all to do with Nevada.

[8] *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)).

[9] Fed. R. Civ. P. 12(b)(2).

[10] *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)).

[11] Nev. Rev. Stat. § 14.065.

[12] *Walden*, 571 U.S. at 283 (quoting *Daimler AG*, 571 U.S. at 125).

[13] *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

[14] Plaintiffs' opposition brief does not even address defendants' personal-jurisdiction argument. *See* ECF No. 31.  Following defendants' reply brief, ECF No. 35, and in violation of this district's local rules, plaintiffs filed an untimely supplemental brief in opposition to the motion to dismiss.  ECF No. 36; *see* L.R. 7-2(b), 7-2(g).  While the supplemental brief references personal-jurisdiction doctrine, ECF No. 36 at 18–19, it does not allege any facts that would suggest a connection between the defendants and Nevada.

The only references to Nevada in their filings describe plaintiffs' residency in the forum state and non-parties' alleged criminal charges.[15]  Because this court plainly lacks jurisdiction over the defendants, I dismiss the complaint without prejudice for want of personal jurisdiction.  And because I dismiss the case, I deny as moot plaintiffs' preliminary-injunction motions.

**B.      Leave to amend would be futile.**

Plaintiffs request leave to amend if their claims are dismissed.[16]  Although FRCP 15(a) advises that "leave [to amend] shall be freely given when justice so requires,"[17] the Supreme Court has recognized that "undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of amendment" are reason enough to deny such leave.[18]  Plaintiffs have not shown or even hinted that they would be able to show in amended pleadings minimum contacts between the defendants and Nevada.  And defendants have raised substantial questions about subject-matter jurisdiction, judicial immunity, and abstention that are each likely to be just as insurmountable an obstacle to plaintiffs' suit as the absence of personal jurisdiction.  Amendment would thus be futile and significantly prejudicial to defendants, who cannot constitutionally be haled into Nevada's courts.

**Conclusion**

IT IS THEREFORE ORDERED that defendants Charles Margines, Frederick Horn, James Crandall, James Loverder, and the Clerk of the Orange County Superior Court's requests for judicial notice **[ECF Nos. 13, 26]** and motion to dismiss **[ECF No. 25] are GRANTED**.

---

[15] ECF No. 1 at 16; ECF No. 31 at 9; ECF No. 36 at 28.

[16] ECF No. 36 at 49.

[17] Fed. R. Civ. P. 15(a).

[18] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

4

The case is **DISMISSED without prejudice** for want of personal jurisdiction[19] and without

leave to amend because amendment would be futile.

IT IS FURTHER ORDERED that plaintiffs Nguyet Nguyen, Antony Nguyen, and Quy

Thai's motions for preliminary injunction **[ECF Nos. 6, 7] are DENIED as moot**.  The Clerk of

the Court is instructed to **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
December 3, 2021

---

[19] The motions to dismiss are denied as moot in all other respects.